**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeff Edward FORTENBERRY, Jr.,**
**Defendant–Appellant.**

No. 89–4786.

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1990.

Before GEE and JONES, Circuit Judges, and LITTLE *, District Judge.

GEE, Circuit Judge:

In this case, we address a trilogy of claimed errors encompassing the admissibility and sufficiency of evidence in a conviction for federal firearms violations and the trial court's denial of a defendant's request for severance under Federal Rules of Criminal Procedure 8 and 14. Based on a careful review of the record, we conclude that the small amount of doubtfully relevant and questionably probative evidence admitted in this case does not constitute plain error, and that viewing the evidence in the light most favorable to the prosecution, the jury could have reasonably found all essential elements of the criminal charges beyond a reasonable doubt. We also conclude that the trial court's denial of defendant's motion for severance was correct as a matter of law under Federal Rule of Criminal Procedure 8 and a proper exercise of discretion under Federal Rule of Criminal Procedure 14. Given these conclusions, we must affirm the judgment of the trial court in all respects.

## Background

In May 1987, Jeff Edward Fortenberry was convicted of conspiracy to commit arson, possession of an unregistered firearm, and transportation of an undeclared firearm on a commercial airliner. We reversed those convictions and remanded for a new trial because of evidentiary errors. *See United States v. Fortenberry*, 860 F.2d 628 (5th Cir.1988). Our previous opinion sets out the factual predicate for the charges in great detail; therefore, here we provide only a brief review.

Fortenberry allegedly detonated an explosive device on his ex-father-in-law's car and transported an undeclared handgun on a commercial airliner. In the Government's view these activities were part of a

Julie Ann Epps, Rienzi, Miss., (court appointed), for defendant-appellant.

Joe M. Hollomon, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

* District Judge of the Western District of Louisiana, sitting by designation.

plan of revenge against individuals involved in Fortenberry's protracted divorce and custody battle. At his first trial the Government offered a great deal of extrinsic evidence tending to link Fortenberry to misconduct and crimes with which he was not charged. We determined that the prejudicial effect of this extrinsic evidence substantially outweighed its probative value; thus, Fortenberry was accorded a new trial. *See id.* at 636.

Before that trial, and in accordance with our instructions, the trial court held an evidentiary hearing which resulted in the exclusion of much of the evidence offered by the Government in Fortenberry's first trial. At the second trial, the jury again convicted Fortenberry on all charges; and he appeals.

### Character Evidence

In his first point of error, Fortenberry contends that the trial court again erroneously admitted evidence showing his prior misconduct and bad acts, thus depriving him of a fair trial.[1] Specifically, Fortenberry complains about four events during the trial that make an issue of his prior misconduct:

(1) admission of a list of names, addresses, and telephone numbers of persons associated with his divorce but having no other relation to the charged offenses;

(2) admission of testimony from Donna Haymon Warren that he had telephoned her and threatened to detonate a bomb in her home;

(3) admission of testimony from Gary Thrash, Mrs. Fortenberry's divorce attorney, that Fortenberry had assaulted him; and

(4) voir dire questioning by the prosecutor that raised the issue of mercenary training.

Fortenberry also complains that Joyce Coker, a witness Fortenberry used to attack the credibility of Ms. Warren, was improperly impeached and asks that this impeachment be considered along with his other evidentiary complaints.

■ On this record, the admissibility of items (1) and (2) above is not before us. Because defense counsel did not object to either the list or the bomb threat testimony at the time it was offered at trial, our review of their admission is limited to a search for plain error.[2] We have held that plain error is an error "so obvious that our failure to notice it would seriously affect the fairness, integrity, or public reputation of [the] judicial proceedings and result in a miscarriage of justice." *United States v. Graves,* 669 F.2d 964, 971 (5th Cir.1982); *see also United States v. Howton,* 688 F.2d 272, 278 (5th Cir.1982); *Liner v. J.B. Talley and Co.,* 618 F.2d 327, 329 (5th Cir. 1980) (per curiam).

After a careful review of the record, we conclude that admission of the list and the bomb threat testimony does not rise to such an egregious level. This evidence comprised only a tiny part of the Government's case against Fortenberry; and the prosecutor used the list only for its permissible purpose, establishing a continuing

---

**1.** Rule 404 provides in pertinent part:

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion

\* \* \* \* \* \*

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404; *see also United States v. Beechum,* 582 F.2d 898 (5th Cir.1978), *cert. de-*

*nied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

**2.** Rule 103 provides in relevant part:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context

\* \* \* \* \* \*

Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

link between Fortenberry and the recipient of the car bomb, and did not emphasize either the bomb threat or the list in his arguments before the jury. Furthermore, the trial court carefully weighed the admission of this evidence in a pre-trial hearing and concluded that it should be received. Considering the trial court's pre-trial ruling, the prosecutor's use of the evidence at trial, and the other evidence against Fortenberry, we conclude that the admission of the list and the bomb threat testimony does not constitute plain error.

Fortenberry next contends that the trial court erred in its *pre-trial* ruling that evidence of his alleged assault on Mr. Thrash was admissible. Admissible or not, however, the record reveals and Fortenberry concedes on brief that the assault evidence was never offered at trial. Any error in the court's pre-trial ruling regarding it was therefore harmless.

■ Next, Fortenberry contends that the prosecutor's voir dire questioning concerning mercenary training, taken along with the other contested evidence, warrants reversal. We disagree. First, the trial court sustained defense counsel's objection to the voir dire questioning about mercenary training and instructed the jury to disregard any remarks about mercenary schools. Second, Fortenberry concedes in his brief that the mercenary school remarks standing alone do not merit reversal. Third, we note that mercenary activities, training, or remarks did not become an issue in the trial. While the prosecutor's references to mercenary connections were improper, the trial court's curative instruction and the course of the trial prevented any harm to Fortenberry.

Finally, Fortenberry contends that one of his witnesses was improperly impeached and that this, in conjunction with his other complaints, should lead us to find plain error and reverse his conviction. Fortenberry contends that Ms. Coker, a witness called by him to discredit Ms. Warren, was impeached by evidence of her bad moral character. After a careful review of the record and of the authority cited by Fortenberry, we find the Government's impeach-

ment of Ms. Coker proper and the authority inapposite. Fortenberry cites *United States v. Stone*, 472 F.2d 909 (5th Cir.1973), *cert.* denied, 449 U.S. 1020, 101 S.Ct. 586, 66 L.Ed.2d 482 (1980), for the proposition that a witness may not be impeached by evidence of bad moral character. In *Stone*, defense counsel attempted to introduce evidence of the victim's marital infidelity in a trial arising out of her rape and torture. In Fortenberry's prosecution, the Government asked Ms. Coker if she was asked to stop teaching Ms. Warren's Sunday school class and if she had overnight male guests while she and Ms. Warren were roommates. The questions in *Stone* were related to extraneous acts and intended to show promiscuity in a rape prosecution. The questions in Fortenberry's trial relate to events affecting Ms. Coker's familiarity and relationship with Ms. Warren. Furthermore, defense counsel did not object to the impeachment at issue. We conclude that the impeachment of Ms. Coker adds nothing to Fortenberry's attempt to convince us of plain error.

■ Considering all the disputed evidence, we must conclude that the evidence Fortenberry complains of does not rise to the level of plain error.

### Sufficiency of the Evidence

■ In his second point of error, Fortenberry contends that the evidence presented at trial is insufficient to support his conviction for transporting an undeclared firearm on a commercial airliner (Count III of the indictment). Specifically, Fortenberry argues that there is no evidence to exclude the possibility that the gun found in his bag was placed there after he arrived in Jackson, Mississippi.

We review sufficiency by asking "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). After careful review of the record, we conclude that the evidence was sufficient to support Fortenberry's conviction

on Count III. The record indicates that Fortenberry was under law enforcement surveillance from the time he arrived in Jackson; therefore, the jury was free to infer that no one had an opportunity to place the gun in his bag after his arrival. Viewing this evidence in the light most favorable to the prosecution, a rational trier-of-fact could, quite logically, have found all the elements essential for conviction beyond a reasonable doubt.

*Severance*

In his third and final point of error, Fortenberry contends that the trial court erred by denying his motion to sever Counts I and II, dealing with the car bombing, from Count III. We must review Fortenberry's contention under Federal Rule of Criminal Procedure 8.[3] Misjoinder under rule 8 is a matter of law, which is completely reviewable on appeal; but rule 8 is to be broadly construed in favor of initial joinder. *United States v. Park*, 531 F.2d 754, 760–61 (5th Cir.1976). Our Court has also noted that the transaction requirement of rule 8 is flexible: "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 761. Fortenberry was transporting the gun to Jackson where the other offenses charged in the indictment were committed, and the government argued throughout the trial that the three charges were all linked by a plan of revenge against persons in Jackson. Given the broad construction of rule 8 and the logical link between the three counts in the indictment, we must conclude that the trial court did not err by refusing to sever under rule 8.

We must also consider whether the trial court abused its discretion by refusing to sever under Federal Rule of Criminal Procedure 14.[4] We may reverse the trial court on this ground only if Fortenberry can show clear prejudice from the trial court's refusal to sever. *See United States v. Mullens*, 583 F.2d 134, 142 (5th Cir.1978). Clear prejudice may result when the jury is unable to separate the evidence and apply it to the proper offenses, or where the jury might use the evidence of one of the crimes to infer criminal disposition to commit the other crimes charged. *See United States v. Diaz–Munoz*, 632 F.2d 1330, 1337 (5th Cir.1980).

In this case, the evidence related to Counts I and II is distinct in time and source from the evidence related to Count III. The jury would have had little difficulty separating the evidence related to the two events. The nature of the offenses is also different, which contradicts the possibility that the jury would infer criminal disposition to commit the other offense. We must conclude that Fortenberry has not shown clear prejudice and, thus, that the trial court did not abuse its discretion by refusing to grant his motion to sever under rule 14.

*Conclusion*

We conclude that the admission of the evidence contested on appeal did not constitute plain error and that the evidence was sufficient to support Fortenberry's conviction on the various charges. Finally, we conclude that the trial court neither erred by denying severance of Count III under Federal Rule of Criminal Procedure 8 nor abused its discretion by denying severance under Federal Rule of Criminal Procedure

**3.** Rule 8(a) provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
Fed.R.Crim.Pro. 8(a).

**4.** Rule 14 provides in relevant part:
If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.
Fed.R.Crim.Pro. 14.

14. Accordingly, we AFFIRM all of Fortenberry's convictions in all respects.