IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10097
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RONALD LAVELLA TOLLIVER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-84-2-Y
--------------------
March 18, 2002

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

    Ronald Lavella Tolliver appeals his convictions and
sentences for two counts of robbery, two counts of bank robbery,
and four counts of unlawful use of a firearm in connection with a
crime of violence.  Tolliver contends that the district court
abused its discretion and deprived him of a fair trial by denying
his pretrial motion to sever the trial of the offenses.  Tolliver
asserts that he was prejudiced by the number of offenses; he
asserts that the jury used the fact that he was charged with
eight offenses to find him guilty on all counts despite the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dearth of evidence against him and that the district court's charge was not sufficient to cure the prejudice that resulted from the joinder.

Tolliver has not demonstrated that he suffered prejudice as a result of the district court's denial of his motion to sever. See United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994). The Government presented the evidence relevant to an individual robbery and firearm offense before proceeding to the evidence on the next robbery and firearm offense. Tolliver has not identified any evidence that was admitted as relevant to one offense that caused clear prejudice as to another offense. See United States v. Fortenberry, 914 F.2d 671, 675 (5th Cir. 1990). Accordingly, Tolliver has not shown that the district court deprived him of a fair trial and abused its discretion by denying his motion to sever. Ballis, 28 F.3d at 1408.

Tolliver challenges the consecutive 25-year sentences that the district court imposed for his second or subsequent convictions under 18 U.S.C. §§ 924(c)(1). Tolliver contends that the convictions were imposed simultaneously and that a final judgment was not entered on any of the convictions. Thus, Tolliver asserts that the convictions cannot constitute second or subsequent convictions.

Tolliver's arguments are foreclosed by our opinion in United States v. Hebert, 131 F.3d 514, 525 (5th Cir. 1997). Accordingly, the judgment of the district court is AFFIRMED.