IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40992
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY WAYNE LEE, also known as Black,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CR-48-1
--------------------
April 2, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommy Wayne Lee appeals his convictions and sentences for drug trafficking offenses involving cocaine and marijuana.  For the following reasons, the judgment of the district court is AFFIRMED.

The district court did not abuse its discretion in denying Lee's motion to sever the cocaine-related counts from the marijuana-related counts.  See United States v. Fortenberry, 914 F.2d 671, 675 (5th Cir. 1990).  In light of the court's limiting

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instructions both during and after the presentation of evidence, Lee has failed to show that the jury was unable to separately consider the cocaine conspiracy evidence and the marijuana conspiracy evidence or that he otherwise suffered clear prejudice. Id.

Additionally, the district court did not clearly err in denying Lee's Batson challenge to the Government's striking of a black potential juror. See United States v. Denman, 100 F.3d 399, 404 (5th Cir. 1996); Batson v. Kentucky, 476 U.S. 79 (1986). The voir dire record supports the district court's finding that the prosecutor's race-neutral explanation for striking the juror was credible. See id.; Purkett v. Elem, 514 U.S. 765, 768 (1995).

The record reflects that there was sufficient evidence to support Lee's convictions. Considering the evidence in the light most favorable to the Government, a reasonable trier of fact could have found that the evidence established the essential elements of the offenses beyond a reasonable doubt. See United States v. Ortega-Reyna, 148 F.3d 540, 543 (5th Cir. 1998). This determination is not altered by Lee's assertion that the Government's case was based on unreliable witnesses testifying in exchange for lesser sentences. Even the uncorroborated testimony of a co-conspirator who made a plea agreement with the Government will support a conviction as long as the testimony is not incredible or insubstantial on its face, and the testimony of Lee's

coconspirators is not facially incredible or insubstantial. See United States v. Osum, 943 F.2d 1394, 1405 (5th Cir. 1991).

There was no abuse of the district court's broad discretion in admitting extrinsic-act evidence regarding Lee's participation in a 1995 drug offense. See United States v. Parziale, 947 F.2d 123, 129 (5th Cir. 1991). The evidence was admissible under FED. R. EVID. 404(b) because Lee placed his intent at issue in this case by pleading not guilty. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997). Furthermore, the evidence was admissible under FED. R. EVID. 403 because its high probative value substantially outweighed the danger of unfair prejudice. Id. at 346-47.

There was also no error in the district court's decision that Lee's offenses should be grouped for sentencing purposes. See United States v. Hoster, 988 F.2d 1374, 1382 (5th Cir. 1993). Where the offenses involve substantially the same harm and the offense level is substantially determined on the basis of the quantity of drugs, as here, the offenses shall be grouped. U.S.S.G. § 3D1.2(d).

Lee contends that the district court erred in determining that he failed to satisfy the criteria for an offense-level reduction under U.S.S.G. § 2D1.1(b)(6). We disagree. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999). Lee has not shown that he truthfully provided to the Government all information and evidence he has concerning his offenses or offenses that were part

of the same course of conduct or of a common scheme or plan.  See U.S.S.G. §§ 2D1.1(b)(6), 5C1.2(5).

Finally, there is no merit to Lee's assertion that the district court erred in assessing a Section 3B1.1 upward adjustment for his leadership role in the cocaine conspiracy.  The record shows that the district court's application of Section 3B1.1 was based on Lee's leadership role in the marijuana conspiracy, not the cocaine conspiracy.

AFFIRMED.