**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4860

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOAB J. FLORESDELGADO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (CR-04-92)

Submitted:  March 28, 2005          Decided:  April 13, 2005

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert C. Neeley, Jr., ROBINSON, NEELEY & ANDERSON, Norfolk, Virginia, for Appellant.  Paul Joseph McNulty, United States Attorney, Shannon Leigh Dillon, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joab J. Floresdelgado pled guilty to driving under the influence of alcohol (third offense), in violation of 18 U.S.C. § 13 (2000), assimilating Va. Code §§ 18.2-266, 18.2-270(B)(3) (Michie 2004), and driving on a suspended driver's license (third offense), in violation of 18 U.S.C. §§ 7, 13 (2000), assimilating Va. Code § 46.2-301 (Michie Supp. 2004). He was sentenced to fifteen months' imprisonment, to run consecutively to a federal sentence imposed on the violation of his probation. Floresdelgado's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but raising the issues as to whether the district court's sentence was reasonable and whether the court erred in imposing the sentence to run consecutively rather than concurrently with the sentence imposed on revocation of probation. Although informed of his right to do so, Floresdelgado has not filed a supplemental brief.

Floresdelgado did not object to his sentence; thus, we review for plain error. United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (citing United States v. Olano, 507 U.S. 725, 732 (1993)). The sentencing guidelines apply to assimilated crimes; guideline sentences for assimilated crimes must fall within the minimum and maximum terms set by state law. United States v. Young, 916 F.2d 147 (4th Cir. 1990). If there is no analogous

- 2 -

guideline, "the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. § 3553] subsection (a)(2)." See U.S. Sentencing Guidelines Manual § 2X5.1 comment. (back'd) (2003). Floresdelgado posits a general challenge to the reasonableness of the court's sentence. Review under 18 U.S.C. § 3742(e) (2000) is limited in this case to whether the sentence was imposed in violation of the law or is plainly unreasonable. Given the court's consideration of Floresdelgado's three drunk driving convictions in a relatively short time frame, we find that the fifteen-month sentence is not plainly unreasonable. Furthermore, the district court stated that, in imposing its sentence, it considered the provisions under 18 U.S.C. § 3553.

Floresdelgado also argues that the district court erred in not allowing the fifteen-month sentence to run concurrently rather than consecutively to the sentence he is serving for violating his probation. We find no plain error. See USSG § 5G1.3, comment. (n.3(C)) (recommending sentence for instant offense be imposed consecutively to sentence imposed for revocation of probation).

In accordance with the requirements of Anders, we have reviewed the record for potential error and have found none. Therefore, we affirm Floresdelgado's sentence. This court requires that counsel inform his client, in writing, of his right to

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED