**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4037**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE MCNAIR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
District Judge.  (4:06-cr-00088-JFB)

_____

Submitted:  November 15, 2007          Decided:  November 20, 2007

_____

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen J. Weisbrod, WEISBROD & PHILLIPS, P.C., Hampton, Virginia,
for Appellant. Dee Mullarkey Sterling, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone McNair pled guilty to driving under the influence of alcohol (fourth offense) ("DUI"), and driving after his license was revoked (after three prior DUI offenses), in violation of 18 U.S.C.A. § 13 (2007), assimilating Va. Code Ann. §§ 18.2-266, 46.2-391.2 (2005). He was sentenced to four years on the DUI offense and three years on the remaining count, to be served consecutively. McNair's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but raising the issue of whether McNair's sentence was reasonable. Although informed of his right to do so, McNair has not filed a supplemental brief.

McNair did not object to his sentence; thus, we review for plain error. United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003). The Sentencing Guidelines apply to assimilated crimes, and the Guideline sentence for such crimes must fall within the minimum and maximum terms set by state law. United States v. Young, 916 F.2d 147, 150 (4th Cir. 1990). If, as here, there is no analogous guideline, the provisions of 18 U.S.C.A. § 3553 (West 2000 & Supp. 2007) control. U.S. Sentencing Guidelines Manual § 2X5.1 comment. (back'd) (2006). In addition, review is limited in this case to whether the sentence was imposed in violation of the law or is plainly unreasonable. See 18 U.S.C. § 3742(e)(4)

(2000).  Given the court's consideration of McNair's prior convictions and history of alcohol abuse, as well as the remaining § 3553 factors, the sentence, which is below the maximum, is not plainly unreasonable.

In accordance with the requirements of <u>Anders</u>, we have reviewed the record for potential errors and have found none. Therefore, we affirm McNair's convictions and sentence.  This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>