IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50210

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROGELIO NAVARRO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-109-ALL

Before GARZA and DENNIS, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:[**]

Rogelio Navarro appeals the district court's sentence of five years' imprisonment for driving while intoxicated (DWI) on the Fort Hood Military Reservation. Navarro had twice been convicted of DWI offenses, in violation of TEX. PENAL CODE §§ 49.04 and 49.09(b) (West 2004), and he pleaded guilty to the instant DWI charge without having first reached a plea agreement. Texas' DWI law is assimilated into federal law in this case by the Assimilative Crimes Act,

---

[*] Chief Judge of the Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 13, ("ACA"), which makes state law applicable to conduct occurring on lands acquired by the federal government when the act or omission is not made punishable by an enactment of Congress.

The ACA "requires federal courts to find the defendant guilty of a 'like offense' and to impose a 'like punishment.'" United States v. Martinez, 274 F.3d 897, 904-05 (5th Cir. 2001) (citing 18 U.S.C. § 13). The "like punishment" requirement limits the range of punishment to the minimum and maximum sentences provided by state law. United States v. Marmolejo, 915 F.2d 981, 984 (5th Cir. 1990). The parties agree that Texas law provides for a statutory range of two to ten year's imprisonment for the DWI offense at issue here. Ordinarily, the federal sentencing guidelines would determine the actual sentence within that range, since "[i]f there is no guideline for a particular offense, including an ACA offense, the court is to use 'the most analogous offense guideline.'" United States v. Calbat, 266 F.3d 358, 362 (5th Cir. 2001) (citing U.S.S.G. § 2X5.1). However, it is undisputed that there is no sufficiently analogous offense guideline for the DWI charge at issue here, and § 2X5.1 provides that, in such cases, "the provisions of 18 U.S.C. § 3553 shall control."

Navarro argues that the district court violated § 3553 by failing to provide reasons for sentencing him to five years' imprisonment. Section 3553(c)(2) does require that the court "state in open court the reasons for its imposition of the particular sentence," and § 3553(b)(1) provides that "[i]n the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth" in § 3553(a)(2). The government acknowledges that the district court failed to state its reasons for the sentence which it imposed in this case. However, Navarro did not object to the court's failure to do so, and we therefore apply a "plain error" standard of review on this issue. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007).

We note that it is unclear whether Navarro's sentence should be reviewed under the "reasonableness" standard set forth by the U.S. Supreme Court in United States v. Booker, 543 U.S. 220, 245, 259 (2005) or under the "plainly unreasonable" standard of 18 U.S.C. § 3742(e)(4). We have utilized the latter standard to review sentences entered after revocation of supervised release, for which there are no guidelines, only policy statements. See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008). Although we have not addressed the issue, the Fourth Circuit Court of Appeals has held that the "plainly unreasonable" standard should likewise be applicable in ACA appeals where, as here, there are no sufficiently analogous offense guidelines. See U.S. v. Finley, --- F.3d ----, 2008 WL 2574457 (4th Cir. 2008); United States v. McNair, 254 F. App'x 246, 246 (4th Cir. Nov. 20, 2007); United States v. Floresdelgado, 131 F. App'x 28, 29 (4th Cir. Apr. 13, 2005).

We need not resolve whether the "reasonableness" or "plainly unreasonable" standard applies in this case, since it is apparent that the district court did not commit "plain error" in sentencing Navarro under either standard. Plain error must be "error so obvious that our failure to notice it would seriously affect the fairness, integrity, or public reputation of [the] judicial proceedings and result in a miscarriage of justice." U.S. v. Peltier, 505 F.3d 389, 391 n. 3 (5th Cir. 2007)(quoting United States v. Fortenberry, 914 F.2d 671, 673 (5th Cir. 1990)). Applying this standard, we conclude that the district court did not commit plain error based on the fact that 1) it sentenced Navarro within the middle of the statutory range; 2) the presentence report establishes that Navarro had an extensive criminal history; 3) Navarro failed to object to his sentence as being unreasonable. In light of these factors, the district court's failure to

consider the § 3553 factors can not be considered "plain error," and we accordingly AFFIRM the court's sentence in this case.

AFFIRMED.