**004·15**

ORIGINAL

CAUSE NUMBER: PD-0004-15

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

ROYCE WILLIAM TAWATER,

Petitioner,

vs.

THE STATE OF TEXAS,

Respondent.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 16 2015

Abel Acosta, Clerk

Seeking Review of the Sixth District Court
of Appeals' Judgement and Opinion in
Cause No: 06-14-00075-CR.

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

Oral Argument is Requested

Royce W. Tawater,
Pro Se
TDCJ-CID #1950643
Beto Unit
1391 FM 3328
Tennessee Colony, Texas
75880

SCANNED
(CCA)

TABLE OF CONTENTS

Page

I.  IDENTITY OF PARTIES AND COUNSEL                    ii

III.  INDEX OF AUTHORITIES                             II

IV.  STATEMENT REGARDING ORAL ARGUMENTS               1

V.  STATEMENT OF THE CASE                             1

VI.  STATEMENT OF PROCEDURAL HISTORY                   2

VII.  GROUNDS FOR REVIEW                              2

The court of appeals erred in determining that there was
sufficient evidence to support the fact that Petitioner
had actual care, custody and control of a firearm.

The court of appeals erred in determining that trial
counsel's strategy was so effective as to result in only
one conviction in four charges

VIII.  ARGUMENT                                        2

UNSWORN DECLARATION                                   5

CERTIFICATE OF SERVICE                                5

APPENDIX

(Petitioner has no extra copy of the Sixth Court of Appeals'
Opinion and Judgement.)

-i-

## II.

### IDENTITIES OF PARTIES AND COUNSEL

ROYCE WILLIAM TAWATER                          PETITIONER

DAVID COUCH                                    TRIAL COUNSEL
    2815 Wesley St.; P.O. Box 324
    Greenville, TX 75403

KATHERINE FERGUSON                             APPELLATE COUNSEL
    2900 Lee St., Ste. 102
    Greenville, TX 75403

STEPHEN B. LILLEY                              PROSECUTOR

HONORABLE RICHARD A. BEACOM, Jr.               TRIAL JUDGE


## III.

### INDEX OF AUTHORITIES

|  | Page |
|---|---|
| HUTCHINS v. STATE, 333S.W.3d 917 (Tex. App.-Texarkana 2011) | 3 |
| NGUYEN v. STATE, 54 S.W.3d 49 (Tex. App. Texarkana 2001) | 3 |
| JAMES v. STATE, 264 S.W. 3d 215 (Tex. App.-Houston [1st Dist] 2008) | 3 |
| BATES v. STATE, 155 S.W.3d 212 (Tex. App.-Dallas 2004) | 3 |
| CLARK v. PROCUNIER, 755 F.2d 394 (5th Cir. 1985) | 3 |
| NEAL v. PUCKETT, 286 F.3d 230 (5th Cir.0 | 3 |
| CANNON v. STATE, 252 S.W.3d 342 (Tex. Crim. App. 2008) | 4 |
| THOMPSON v. STATE, 9 S.W.2d 504 (Tex. Crim. App. 1985) | 4 |
| PENAL CODE 46.04(a)(1) | 3 |

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, ROYCE WILLIAM TAWATER, "Petitioner" pro se in the above-mentioned cause number and files, pursuant to Tex. R. App. Proc., 68, this Petition For Discretionary Review, and for such Petitioner would show this Court as follows:

## IV.

### STATEMENT REGARDING ORAL ARGUMENT

This petition challenges the court of appeals' holding that there was sufficient evidence to support the jury finding of guilt on the charge of unlawful possession of a firearm by a felon, and; trial counsel was not ineffective for failing to object to the admission of a certified copy of a prior conviction. These types of arguments appear to be improper in light of prior decisions from this Court. These are important issues of law because these types of arguments are frequently appearing in appellate decisions from the various courts of appeal and the bench and bar of this Court need clarification from this Court concerning whether these types of arguments are appropriate. Therefore, this Court should grant oral argument so that counsel for both sides may more fully present their positions and answer any questions this Court may have after preliminarily reviewing this case.

## V.

### STATEMENT OF THE CASE

Petitioner was charged with the offense of unlawful possession of a firearm by a felon. (CR: 1) Petitioner was also charged with the offenses of aggravated assault with a deadly weapon, (#29,310), deadly conduct discharge firearm, (#29,311), and aggravated assault with a deadly weapon, (#29,502) The cases were tried together. A jury was selected, seated and sworn and the cases were tried on Petitioner's plea of "Not Guilty." Subsequently, Petitioner was found guilty of the firearm possession in Case No: 29,503. The jury was unable to reach a decision on the other three charges and a mistrial was directed. The jury then considered punishment evidence and sentenced Petitioner to twenty (20) years' confinement in the TDCJ-CID, and imposed a fine of ten thousand dollars.

After the trial court found Petitioner to be indigent, appellate counsel was appointed to prosecute the appeal. On appeal, counsel claimed, inter alia, that the evidence was insufficient to prove Petitioner was guilty of unlawful possession of a firearm by a felon, and; trial counsel was ineffective in failing to object to the admission of a certified copy of conviction in Case No: 28,515.

- 1 -

The court of appeals opined that the testimony of Joe Vega and the Complainant verifying that they saw Petitioner with a firearm; that Petitioner had the same caliber of bullets in his pocket at the time of arrest; that Petitioner had gunshot residue on his hands; that the two Vega brothers saw Petitioner throw something in an area where a firearm was found, and; that Petitioner to the detective that he had fired a rifle earlier that morning, was sufficient to sustain a conviction of unlawful possession of a firearm by a felon. Further, the court of appeals determined that trial counsel, by not objecting to the prior felony conviction, had a reasonable trial strategy in not doing so; that counsel's strategy was successful simply because the jury could not reach a verdict on the other three charges.

## VI.

## STATEMENT OF PROCEDURAL HISTORY

Petitioner is unable to cite any part of the Clerk or Reporter's Record because, even though asked for, appellate counsel has failed to transmit a copy of those records, and the Brief of Appellant, (in #29,310 & #29,311), to Petitioner.

The Sixth Appellate District of Texas at Texarkana issued its Memorandum Opinion and Judgement on December 10, 2014. Subsequently, Petitioner, pro se, requested an additional sixty (60) days within which to file a pro se petition for discretionary review, and;requested leave to file the original copy only of the petition. Both motions were granted on January 7, 2015; making the deadline to file the petition on or before March 10, 2015. This petition is timely filed. (No petition for a rehearing was submitted.)

## VII.

## GROUNDS FOR REVIEW

The court of appeals erred in determining that there was sufficient evidence to support the fact that Petitioner had actual care, custody and control of the firearm in question

Further, the court of appeals erred in determining that counsel's strategy was so effective as to result in only one conviction in four charges.

## VIII.

## ARGUMENT

The court of appeals held that "[They] were not required to determine whether [they] believe that the evidence at trial established guilt beyond a reasonable

doubt; rather, when faced with conflicting evidence, [they] must presume that the trier of fact resolved any such conflict in favor of the prosecution, and [they] must defer to that resolution." HUTCHINGS v. STATE, 333 S.W.W3d 917, 919-20 (Tex.. App.-Texarkana 2011) The court goes on to further cite the fact that the penal code requires a defendant to "possess a firearm." (Penal Code 46.04(a)(1); NGUYEN v. STATE, 54 S.W.3d 49, 52 (Tex. App.-Texarkana 2001) This is in direct contrast to the First District Court of Appeals, Houston, (JAMES v. STATE, 264 S.W.3d 215, 218-19 (Tex. App.-Houston [1st Dist.] 2008)) and the Fifth District Court of Appeals, (BATES v. STATE, 155 S.W.3d 212, 216-17 (Tex. App.-Dallas, 2004))in that "If the evidence, viewed in the light most favorable to the verdict, gives equal or nearly equal support to theories of innocence and guilt, the evidence is insufficient. (See: CLARK v. PROCUNIER, 755 F.2d 394, 395 (5th Cir. 1985)) Here, the issue is whether the firearm was found "on the defendant" or was "in his exclusive possession." Further, whether the evidence affirmatively linked Petitioner to the firearm found in a public place. The Sixth Court of Appeals usurped the jury in that the appellate court delved into a witness' testimony who, admittedly, was high on an illegal substance. This same witness testified at a subsequent proceeding that he had lied on a sworn affidavit to police concerning the events in question. The court of appeals "···presume[d] that the trier of fact resolved [this] conflict in favor of the prosecution, and [they] must defer to that resolution." (HUTCHINS, supra @919-20) The fact is, the jury never had this information in order to "resolve [the] conflict in favor of the prosecution." The court of appeals erred by placing themselves in the jury box to determine the weight of the evidence, and to deem that evidence to support a conviction for possession of a firearm.

Addressing appellate counsel's second point of error, the court of appeals applied the STRICKLAND Test; performance and prejudice. Counsel argued that trial counsel failed to object to the state proffering a certified copy of a Judgement of Conviction in a prior felony; deficient performance. Counsel argues on appeal that without authenticating the document, trial counsel allowed the jury to more severely punish Petitioner; harm. In the court of appeals Opinion, they determined that the Strickland Test failed because both parts of the test were not satisfied. Specifcally, trial counsel's strategy for not focusing the jury's attention on the prior felony was a sound choice, and; since trial counsel's strategy was sound, it resulted in only one conviction in four. In assessing deficient performance, courts "must determine whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances." NEAL v. PUCKETT 286 F.3d 230, 236 (5th Cir. en banc) In the instant case, a reasonable

-3-

attorney would have defended the not guilty plea by preventing the prior felony from the jury's perusal until the state actually authenticated the document they presented; a document presented only through the state's "testimony." Petitioner had a right to subject the prosecutor's case in a meaningful adversarial testing." CANNON v. STATE 252 S.W. 3d 342, 349 (Tex. Crim. App. 2008) Without hearing about an alleged prior felony, the jury would have been left with a doubt concerning the language of the statute that the state prove that a conviction occurred; an essential element of the offense. In THOMPSON v. STATE, 9 S.W.3d 808, 817 (Tex. Crim. App. 1999), this Court noted that "while this Court has been hesitant to designate any error as per se ineffective assistance as a matter of law, it's possible that a single egregious error of ommission or commission by appellant's counsel constitut es ineffective assistance of counsel." (citing JACKSON v. STATE 766 S.W.2d 504, 508 (Tex. Crim. App. 1985) To prove prejudice, Petitioner need only prove that "there is a reasonable probability that, but for counsel's unprofessional erors, the results of the proceeding would have been different." Strickland, @694In the instant case, prejudice became so likely that the prejudice aspect of the Strickland Test is satisfied. (See: UNITED STATE v. CRONIC, 446, U.S. 648, 658-59 (1984)

WHEREFORE, PREMESIS CONSIDERED, Petitioner prays this Court grant this Petition For Discretionary Review, order a full briefing on the issues presented herein, and after considering the merits, reverse the judgement of the court of appeals, remand this cause to the trial court for a new trial, and grant such other and further relief as Petitioner may show himself deserving, at law and in equity.

Respectfully submitted,

Royce W. Tawater,

Pro Se

C.c. Tex. Attny. Gen

file/rwt

_ 4 _

## UNSWORN DECLARATION

"I, Royce W. Tawater, TDCJ-CID #195 0643, being presently incarcerated in the Beto Unit of the TDCJ-CID, declare under penalty of perjury that the above and foregoing are both true and correct."

Executed on this the 9th day of March, 2015

*Royce Tawater*

Royce W. Tawater

## CERTIFICATE OF SERVICE

This is to further certify that I have mailed a true and correct copy of this Petition For Discretionary Review to the Texas Attorney General, P.O. Box 12548, Austin, TX 78711-2548, by First Class Mail, postage prepaid by placing same in the Beto Unit's mail drop-box, designed for that purpose, on this the 9th day of March, 2015.

*Royce Tawater*

Royce W. Tawater

TDCJ-CID 31950643

Beto Unit

1391 FM 3328

Tennessee    Colony,    TX

75880

C.c. file/rwt



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00075-CR

ROYCE WILLIAM TAWATER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29,503

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Odis McCrary, a drug dealer and a long-time friend of Royce William Tawater, successfully avoided being hit when Tawater shot at him multiple times in the vicinity of McCrary's Hunt County house in mid-2013. In the aftermath of the shooting, McCrary initially told police that the two had argued about some tennis shoes, but later admitted the argument was about drugs and money.

As a result of the incident, Tawater was charged and convicted for unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). On appeal, Tawater argues, first, that the evidence was insufficient to prove, at the time of the event, Tawater's status as a convicted felon or his possession of a firearm and, second, that his trial counsel was constitutionally ineffective.[1] We affirm the judgment of the trial court because (1) sufficient evidence supports the findings that, at the time in question, Tawater was a convicted felon and possessed a firearm and (2) ineffective assistance of counsel has not been established.

*(1)    Sufficient Evidence Supports the Findings that, at the Time in Question, Tawater Was a Convicted Felon and Possessed a Firearm*

Tawater challenges the sufficiency of the evidence to support the jury findings that, at the time of the events leading to the allegations, he was a convicted felon and possessed a firearm. In reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential

---

[1]Tawater stood accused in four indictments; the other three charges were two allegations of aggravated assault with a deadly weapon and one of deadly conduct. After the jury was unable to reach unanimous verdicts on those three charges, mistrials were declared on them. On retrial of two of those charges, Tawater was convicted of one charge of aggravated assault with a deadly weapon and one of deadly conduct. Appeals of those two convictions are pending before this Court in cause numbers 06-14-00094-CR and 06-14-00095-CR.

2

elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). "We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution." *Hutchings v. State*, 333 S.W.3d 917, 919–20 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). To prove unlawful possession of a firearm by a felon, the State was required to prove that Tawater (1) possessed a firearm (2) "after conviction and before the fifth anniversary of [his] release from confinement following conviction of the felony or [his] release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." TEX. PENAL CODE ANN. § 46.04(a)(1). "[T]o support a conviction for possession of a firearm, the State must show (1) that the accused exercised actual care, control, or custody of the firearm, (2) that he was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally." *Nguyen v. State*, 54 S.W.3d 49, 52 (Tex. App.—Texarkana 2001,

3

pet. ref'd), *overruled on other grounds by Fagan v. State*, 362 S.W.3d 796, 800 (Tex. App.—Texarkana 2012, pet. ref'd).

Tawater, McCrary's friend of several years, came by McCrary's home the morning of July 1, 2013. McCrary reported that Tawater was in a bad mood. McCrary, who admitted to being a dealer of illegal drugs, believed Tawater was under the influence of drugs. Tawater showed McCrary a pistol, which Tawater said he was "trying to get rid of"; McCrary took this as an offer to sell the gun and asked how much Tawater wanted. Instead, Tawater said he would keep the gun, which he "might need."

Later that day, Tawater returned to McCrary's home, looking for one of the people that lived with McCrary. McCrary said Tawater intended to fight this third person, but that he tried to talk Tawater out of this confrontation. This led to an argument between McCrary and Tawater, who then pulled a pistol,[2] the same gun Tawater had displayed earlier in the day. Tawater fired at McCrary, who ran around the house. Tawater pursued him and fired more shots at him. At some point, McCrary stopped in front of a house where some people asked if he was all right. Then Tawater ran past McCrary, and McCrary saw that Tawater no longer had the gun. Soon thereafter, police arrived on the scene.

McCrary admitted that he had sold illegal drugs, that he had multiple convictions (some for drug charges), and that he was under indictment for aggravated robbery. McCrary also felt he was taking a risk by testifying at Tawater's trial.

---

[2]McCrary admitted he was "high on Xanax" during the altercation.

4

Joe Vega testified that he saw McCrary and Tawater's argument outside his (Vega's) home. Vega heard gunshots and came out to the porch where he saw Tawater, first, waving a pistol and, then, throwing it over a fence. Vega's brother, Manuel, also witnessed part of the argument and saw Tawater throw something over the fence.

When police arrived, both Vega brothers indicated where they had seen Tawater throw something and that it may have been a gun. Police eventually found a disassembled .22 caliber revolver in the bushes where witnesses indicated. On his person, Tawater had a box with thirty-eight .22 caliber rounds, and two other bullets loose in another pocket; he also wore an empty shoulder holster. The spent rounds in the revolver, and at least two shell casings found in the street where the argument had been, all showed to have been fired from the pistol police found in the bushes. Officers were also hailed by a Hispanic man in the area who produced a spent bullet, which he said had come through at least one of his walls and hit him in his home.[3] This bullet was fired from a .22 caliber weapon, but due to deformities and damage to the bullet, it could not conclusively be said to have been fired from the revolver recovered at the scene.

Tawater was arrested at the scene for possession of drug paraphernalia. In the few hours after this, Detective Jamie Fuller swabbed Tawater's hands for gunshot residue. Tawater told Fuller that, earlier in the morning, he had fired a .22 rifle, so he might have residue on his

---

[3]Vincente Paulin, the man hit by the stray bullet, testified through an interpreter. He said he was in his home, heard an explosion, and realized he was hurt and bleeding (photographs were introduced of wounds to the side of his chest and inside his elbow). He said he looked down and saw a piece of metal, which his brother-in-law said was a piece of bullet. Paulin said he gave this bullet to police. However, the police who met with Paulin at the scene said they saw him pull the bullet from his side.

5

hands.[4] Fuller took the swabs about 7:00 p.m., and Tawater said he had fired this rifle "early" that morning. The State, though, presented testimony from David Spence, a firearms expert for the Southwestern Institute of Forensic Sciences, who said it was "unlikely" gunshot residue would stay on a person's hands eight-to-nine hours after firing a weapon. Spence testified that sufficient particles of the relevant chemicals were found on the palms and back of both of Tawater's hands consistent with the presence of gunshot residue.

While Tawater did not testify, in the recorded interview played by the State, he denied having a gun during the confrontation with McCrary. Tawater stated that McCrary and others had guns and chased him, because a drug dealer named "Big" had unfairly put "a hit" on Tawater. Tawater stated that McCrary chased him on foot, but that two other men got in a gold Chevrolet SUV and chased Tawater.

In his defensive case, Tawater called one witness, Jason Cooke,[5] who said he had been on his brother's porch with McCrary and a few other people when Tawater was seen walking up the street. According to Cooke, McCrary offered Cooke $50.00 to go "whup" Tawater or "try to lay him out." Cooke declined this offer and went in the house. When Cooke looked outside, he said Tawater was surrounded by McCrary and two other men. A short time later, while inside, Cooke said he heard gunshots and saw McCrary chasing Tawater. Cooke said he never saw Tawater with a gun. He also said he saw some men get in a gold Chevrolet Blazer and chase a running Tawater. Cooke said that the police never contacted him as a witness and that his trial testimony was the first time he had presented his view of events.

---

[4]Tawater's interview with Fuller was presented in a video-recorded exhibit that was played for the jury.
[5]Under cross-examination, Cooke told the State he was "Big J," but denied having put a hit on Tawater.

6

Tawater offered no objection when the State introduced a judgment of conviction dated January 9, 2013, for the offense of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (West 2011) (state jail felony). Nowhere in cross-examining the State's witnesses or presentation of his defense did Tawater challenge his status as a convicted felon. Near the end of a recorded interview with Detective Fuller, Tawater admitted, "I'm a felon." In closing arguments, Tawater's counsel said, "You know my client is a felon. Mr. Tawater is a felon. The evidence is in -- it's in the packet."

We addressed a somewhat similar situation in *Hutchings v. State*, 333 S.W.3d 917 (Tex. App.—Texarkana 2011, pet. ref'd). In a trial before the court, Hutchings offered no objection to a certified judgment and conviction; Hutchings also admitted in open court to being the person convicted in said judgment. *Id.* at 922. This was sufficient to prove Hutchings' status as a felon. *Id.*; *see also Thompson v. State*, 563 S.W.2d 247, 251 (Tex. Crim. App. 1978) (where State did not offer authenticated copies of judgment or indictment, but defendant made no objection to district clerk and district attorney testifying to prior conviction, evidence "competent and sufficient to prove the prior, final, noncapital felony conviction" used for punishment enhancement).

Here, Tawater affirmatively indicated he did not object to admission of the felony judgment and did not object to the portion of his recorded statement wherein he acknowledged being a felon. The evidence was sufficient to establish that Tawater was a convicted felon at the time of the alleged possession of a firearm.[6]

---

[6]The indictment alleged an offense date of July 1, 2013, within five years of the conviction shown on the judgment.

7

Likewise, there was sufficient evidence to show Tawater possessed a firearm. Joe Vega and McCrary testified to seeing Tawater with a pistol. When arrested, Tawater wore an empty shoulder holster and had several rounds of .22 ammunition in his pockets; a .22 pistol was found in the area where the Vega brothers said they saw Tawater throw something. Tawater had significant evidence of gunshot residue on his hands. Notwithstanding all this, he told Detective Fuller he had shot a .22 rifle in the morning of the day of the events. As for evidence McCrary had been the aggressor and Cooke's testimony he had not seen Tawater with a gun, the jury was free to disbelieve that testimony. *See Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony."); *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986) ("[R]econciliation of conflicts and contradictions in the evidence is within the exclusive province of the jury.").

Tawater points to discrepancies in the evidence that McCrary gave inconsistent statements about the parties' argument and that he wrote letters to the State and defense attorney saying Tawater had not discharged a firearm with intent to harm McCrary.[7] Tawater's fingerprints were also not found on the pistol. These factors, however, do not render the evidence insufficient to support the finding that Tawater possessed the pistol at the time of the offense. To the extent there were conflicts in testimony or alternative theories, the jury was responsible for resolving any conflicts or inconsistencies in testimony.

---

[7]Detective Fuller also testified to the history of the pistol found by police. It had previously been reported stolen from Hopkins County; and, though McCrary denied ever owning the pistol, there was some possibility the suspect in that theft had given the gun to McCrary. There was no testimony about when this theft happened or what evidence supported the theory McCrary came into possession of the gun. None of that, however, undermines the evidence that Tawater possessed the pistol at the time of the offense.

8

Sufficient evidence supports both challenged jury findings.

*(2)     Ineffective Assistance of Counsel Has Not Been Established*

Tawater claims his trial counsel was ineffective for failing to contest the use of Tawater's prior conviction as evidence to establish his status as a felon. Tawater argues that the State, if pressed on the matter, could not have shown that Tawater was the person previously convicted and, thus, was unable to allow the use of the prior judgment as evidence against him. Instead, trial counsel's response of "no objection" allowed use of the evidence that otherwise could have been excluded.

To prevail on a claim of ineffective assistance of counsel, an appellant must show he received ineffective assistance and that he was prejudiced by such representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record must affirmatively demonstrate ineffective assistance of counsel; a claim cannot "be built on retrospective speculation," but must be firmly rooted in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

First, Tawater must show that trial counsel's representation fell below an objective standard of reasonableness. *See Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd). We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim.

9

App. 2002).[8] Failure to satisfy either of the *Strickland* prongs is fatal to a claim of ineffective assistance. *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

While Tawater asserts that the State did not have evidence to prove that he was the person convicted in the prior judgment, there is nothing to demonstrate that the State lacked such evidence if pressed on the subject or that it could not have properly won a contest on the admission of the prior conviction.

There is also nothing to show Tawater's trial counsel's reasoning in lodging no objection to the admission of the prior conviction. No motion for new trial was filed, nor is there any indication Tawater took any steps to secure testimony from his trial attorney to document counsel's trial strategies or thinking behind his decisions. In this case, Tawater stood trial for four indictments, two of which were allegations of aggravated assault with a deadly weapon. The State had also alleged a prior conviction for enhancement purposes.[9] It is true that Tawater was assessed the highest possible sentence for unlawful possession of a firearm by a felon with an enhanced penalty range—twenty years' imprisonment and a fine of $10,000.00. However,

---

[8]The record on direct appeal is frequently insufficiently developed to support a claim of ineffective assistance of counsel; the best way to make a sufficient record to support such a claim is by a hearing on a motion for new trial or a hearing on a petition for habeas corpus. *Jackson*, 877 S.W.2d at 772–73 (Baird, J., concurring). When facing a silent record as to defense counsel's strategy, an appellate court will not speculate as to counsel's tactics or reasons for taking or not taking certain actions. *Id.* at 771. Because the trial record is directed to the issues of guilt/innocence and punishment (or in this case, punishment alone), an additional record focused specifically on the conduct of counsel, such as a record of a hearing on a motion for new trial asserting ineffective assistance of counsel, is generally needed. *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Only when "'counsel's ineffectiveness is so apparent from the record'" will an appellant prevail on direct appeal absent a hearing on a motion for new trial asserting an ineffective assistance of counsel claim. *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) (quoting *Massaro v. United States*, 538 U.S. 500, 508 (2003)); *Kemp*, 892 S.W.2d at 115.

[9]Tawater pled "true" to the enhancement allegation.

the jury could not reach verdicts on three of the indictments, two of which (the enhanced aggravated assaults) would have exposed Tawater to first degree punishment ranges.

Further, not objecting to the prior felony conviction could have been a reasonable trial strategy. Trial counsel developed, through cross-examination of the State's witnesses and presentation of Cooke, the possibility that McCrary and others had been the aggressors and Tawater the victim in the confrontation. Counsel developed the theory that Tawater may not have been in possession of a gun, although this was in direct contradiction of witness testimony and Tawater's being in possession of an empty holster and several rounds of ammunition. Based on the record as a whole, we must presume counsel had a reasonable and viable trial strategy, and he was successful, to a degree, as Tawater was convicted of only one offense in this trial, where he stood charged with four.

Tawater has failed to demonstrate that his trial counsel was ineffective.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted: October 29, 2014
Date Decided: December 10, 2014

Do Not Publish

11

Royce Tawater #1950643
Beto Unit
1391 FM 3328
Tennossee Colony, TX 75880

NORTH TEXAS, TX PRO...
DALLAS TX 750
12 MAR 2015 PM 3 L

Legal Mail

Abel Acosta - Clerk
Court of Criminal Appeals
P.O. Box 12308 - Capitol Station
Austin, TX 78711

Legal Mail