Roland KNOX

v.

Frank C. BLACKBURN.

Civ. A. No. 87-47-B.

United States District Court,
M.D. Louisiana.

July 11, 1988.

Robert J. Collins, Baton Rouge, La., for plaintiff.

Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for defendant.

## OPINION

POLOZOLA, District Judge.

Roland Knox was convicted of armed robbery after a bench trial in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on April 19, 1979. Following a remand on an unrelated issue and a second appeal, the Louisiana Supreme Court affirmed his conviction and sentence. *State v. Knox,* 422 So.2d 1164 (La.1982). On July 25, 1985 petitioner filed an application for a writ of habeas corpus in state court which set forth the same grounds which he now raises in this federal application. After the state trial court denied petitioner's application, the Louisiana Supreme Court denied

petitioner's writ application. *Roland Knox v. Frank Blackburn, Warden,* 494 So.2d 1171 (La.1986).

This matter is before the court on petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends his federally protected rights were violated because there was insufficient evidence to support his conviction and the state trial court erroneously admitted an inculpatory statement. The court referred this case to United States Magistrate Stephen C. Riedlinger for his report and recommendation. The magistrate recommended that the court reject petitioner's claim regarding the admission of his inculpatory statement. However, the magistrate recommended that the writ be granted because the evidence failed to support a conviction.

The state filed an opposition to the magistrate's report and recommendation. Therefore, the court conducted a separate evidentiary hearing on petitioner's application. For reasons which follow, the court finds that petitioner's application for a writ of habeas corpus should be denied.

The court agrees with the magistrate's conclusions that Knox voluntarily waived his *Miranda* rights and was not denied due process when the trial court admitted an inculpatory statement into evidence.[1] The only issue that remains is whether there is sufficient evidence to support Knox's conviction. More specifically, could a rational trier of fact have found beyond a reasonable doubt on the evidence presented at the trial that Knox and Winfield Tucker were principals to an armed robbery. To resolve this issue, the court must also determine whether a federal judge may, in an action brought pursuant to 28 U.S.C. § 2254, set aside factual and credibility findings made by the state trial judge who tried the case.

Knox is charged with driving the getaway car during a March 3, 1976 armed robbery of an Exxon service station located on the corner of Highland Road and East Roosevelt Street in Baton Rouge, Louisiana. The attendant who was held at gun-

---

1. *See* Magistrate's Report pp. 10–11.

point described the robber as a black male wearing blue jean pants, a blue jean jacket, and a bibbed cap. She testified that the robber fled from the station on foot in the direction of Texas Street, a street which runs parallel to Highland.

Philip James, another attendant at the service station, testified that shortly before the robbery he saw a man step out of a green Chevrolet and approach the station. A few minutes later, James saw the same man run past him and jump into the Chevrolet which was parked on Texas Street headed north. James described the man as a black male wearing blue jean pants, a blue jean jacket with cutoff sleeves, black glasses and a brown bibbed hat. William Flynn, another state witness, testified that on the afternoon of the day of the crime, he was repairing a telephone cable near the Intersection of Texas and East Roosevelt Streets. As he was working, a black male driving a light green Chevrolet pulled up along side him on East Roosevelt and parked the car with the motor idling. Less than five minutes later, another black male, running east on East Roosevelt away from the general direction of the station, threw something into the back seat of the car, climbed in, and sped away. Flynn described this man as wearing blue jean pants, a blue jean jacket, sunglasses and a blue jean engineer's cap. Flynn wrote down the license plate number of the car and gave it to the police. Officers later matched that license number to the license on Knox's car. Knox owned a white over green Chevrolet.

Knox contends that the evidence at trial failed to establish that he was the driver of the get-away car. He also contends that the two eyewitnesses who testified on behalf of the state gave inconsistent testimony.

A review of the evidence reveals that the testimony of James and Flynn conflict on two points. James testified that the man he saw was dressed in a brown bibbed cap

and a blue jean jacket with cutoff sleeves, while Flynn said nothing of cutoff sleeves and claimed that the cap of the man he observed was made of blue jean material. James also testified that the Chevrolet he observed was waiting on Texas Street, while according to Flynn, the Chevrolet that he observed was waiting on East Roosevelt. The state trial judge sitting without a jury determined that the evidence taken as a whole established beyond a reasonable doubt that Tucker and Knox were involved in the robbery. The state court also chose to believe the testimony of Flynn that the robber escaped in a vehicle headed east on East Roosevelt.

In testing the sufficiency of the evidence to support a conviction, the court must view the evidence in a light most favorable to the state. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The relevant standard is whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). The jury, or in the case of a non-jury trial, the judge, is the ultimate arbiter of the credibility of witnesses. *United States v. Cravero,* 530 F.2d 666, 670 (5th Cir.1976); *United States v. Lerma,* 657 F.2d 786, 789 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 463 (1982). In *United States v. Bell,* 812 F.2d 188, 193, n. 5 (5th Cir.1987), the Fifth Circuit noted:[2]

> It is the duty of the jury, and not the appellate court, to make witness credibility determinations. *United States v. Davis,* 752 F.2d 963, 968 (5th Cir.1985). Ordinarily, a reviewing court cannot declare a witness' testimony "incredible as a matter of law unless 'it is so unbelievable on its face that it defies physical laws.'" *United States v. McKenzie,* 768 F.2d 602, 605 (5th Cir.1985), (citation omitted) *cert. denied,* 474 U.S. 1086, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986).

**2.** *See, also, U.S. v. Reed,* 715 F.2d 870, 874 (5th Cir.1983). An additional exception arises when the testimony of a witness is based on facts the witness could not have possibly observed. *U.S.*

*v. Hoskins,* 628 F.2d 295, 296 (5th Cir.1980), *cert. denied* 449 U.S. 987, 101 S.Ct. 406, 66 L.Ed.2d 249 (1980).

Thus, credibility determinations are "not subject to second guessing through appellate review." *United States v. Bell, supra,* 812 F.2d at 193.

Flynn testified as a witness at the trial and was cross-examined. The court cannot say that his testimony was so unbelievable on its face that it defies physical laws. He was in a position to observe the facts he testified about. The fact that his testimony may be inconsistent with the testimony of James does not present sufficient cause to reverse Knox's conviction. The state trial judge who found Knox guilty beyond a reasonable doubt apparently concluded either that, even if Flynn's testimony conflicted with another witness and may have been unreliable when viewed in isolation, it was not essential to the conviction because of the weight of other evidence implicating Knox in the robbery, or that it was reliable in the context of all the circumstances.

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) makes no distinction between the authority of a fact finder to resolve conflicts between the testimony of witnesses who testify for the same party and the authority to resolve conflicts between the testimony of witnesses who testify for one party against witnesses who testify for the other party. A jury or judge may choose to believe part of the testimony of a witness while rejecting other testimony of the same witness. *United States v. Merida,* 765 F.2d 1205, 1220 (5th Cir.1985) *rehg. denied en banc* 770 F.2d 164 (1985), *State v. Converse,* 515 So.2d 601 (La.App. 1st Cir.1987). The trier of fact may also choose to accept or reject the testimony of a witness in whole or in part even if those witnesses testify for the same party and their testimony may conflict. *See United States v. Hinds,* 662 F.2d 362, 367, n. 9 (5th Cir.1981), *cert. denied* 455 U.S. 1022, 102 S.Ct. 1720, 72 L.Ed.2d 140 (1982).

Furthermore, the trier of fact is not required to accept the testimony of the unimpeached witness. When the testimony of a witness is not believed, the trier of fact may simply disregard it in whole or in part. *Bose Corp. v. Consumers Union of U.S.,* *Inc.,* 466 U.S. 485, 104 S.Ct. 1949, 1966, 80 L.Ed.2d 502 (1984)., *Carlisle v. M/S SISTINA,* 407 F.2d 824, 826 (5th Cir.1969). "[T]he *mere assertion of any witness* need not be believed, *even though he is unimpeached* in any manner, because to require such belief would be to give a quantitative and impersonal measure to testimony." 7 Wigmore, Evidence 2034(3) (Chadbourn rev. 1978), (emphasis in original). Thus, it is immaterial that James' testimony was not impeached at the trial.

Petitioner cites *Clark v. Procunier,* 755 F.2d 394 (5th Cir.1985) for the proposition that:

> if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt.

*Id.* 755 F.2d at 396. Reviewing the evidence of this case in a light most favorable to the prosecution does not require the court to find that the testimony gives equal or nearly equal circumstantial support of both guilt and innocence. The state court could rely on the testimony presented to find the petitioner guilty beyond a reasonable doubt. Knox admitted in a taped statement, which this and other courts have ruled was properly admitted, that he picked up Tucker in the vicinity of the robbery at the time the robbery occurred. When Tucker was arrested, he was wearing blue jean pants, a blue jean jacket, a brown and beige railroad cap with a bib, and brown tinted sunglasses. This description closely matched the description of the robber given by James. The trial court had sufficient evidence to conclude that Tucker fit the description of the robber. *See United States v. Bell, supra,* 812 F.2d at 193. The issue before the court is not whether this court would have rendered the same verdict or would have made the same credibility findings. The issue is whether the entire record contains sufficient evidence that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt to convict Knox. The court views the record,

briefly summarized above, as providing ample direct and circumstantial evidence, including petitioner's own statement, to allow the state trial judge to find beyond a reasonable doubt that Knox was guilty of armed robbery.

Therefore: Petitioner's application for a writ of habeas corpus is hereby DENIED.

Judgment shall be rendered accordingly.