UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeff Edward FORTENBERRY, Jr.,
Defendant–Appellant.

No. 89–4786.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1990.

Julie Ann Epps, Rienzi, Miss. (Court-appointed), for defendant-appellant.

Joe M. Hollomon, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion September 28, 1990, 5 Cir.,
914 F.2d 671)

Before GEE and JONES, Circuit
Judges, and LITTLE,* District Judge:

GEE, Circuit Judge:

This opinion addresses arguments raised by Jeff Edward Fortenberry on petition for rehearing. Our original opinion appears at 914 F.2d 671, and the facts and background are adequately set out there.

---

* District Judge of the Western District of Louisi-

*Evidentiary Concerns on Rehearing*

Fortenberry raises three arguments to support his contention that we erroneously decided his appeal. First, Fortenberry contends that we made both factual and legal errors in evaluating his evidentiary complaints.

Factually, Fortenberry complains that we erred by applying the plain error standard of review to the admission of a list containing information allegedly designed to show Fortenberry's prior misconduct and to the admission of testimony by Ms. Warren that Fortenberry had threatened to detonate a bomb in her home.

In our original opinion, we noted that counsel for Fortenberry did not object to "the list or the bomb threat testimony at the time it was offered at trial[; thus], our review of their admission is limited to a search for plain error." Indeed, Fortenberry's counsel did not object at trial; however, at a preliminary hearing on Fortenberry's motion in limine, the trial judge did permit counsel for Fortenberry to enter a continuing or running objection to the list and the bomb threat testimony, instructing Fortenberry's counsel that objecting further, at trial, was unnecessary.

Our Court has recognized that a continuing objection granted by the court at trial will preserve error for appeal under Federal Rule of Evidence 103. *See Ward v. Freeman,* 854 F.2d 780 (5th Cir.1988), *cert. denied,* 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989); *United States v. Marshall,* 762 F.2d 419 (5th Cir.1985). Yet, we are troubled that the continuing objection was granted at a pretrial hearing. In general, evidentiary rulings depend in large part on the context in which the evidence is offered. Granting a continuing objection to evidence before the trial begins, thus precluding a re-evaluation of admissibility in context, seems ill advised; and we strongly caution both the district courts against granting and counsel against accepting pretrial continuing objections.

Despite our displeasure with the manner in which the continuing objection was

ana, sitting by designation.

granted, we are persuaded that Fortenberry's counsel relied on the trial court's instruction; thus, we must consider the admissibility of the list and the bomb threat testimony.

■ In ruling on the admissibility of the list and this testimony, the trial court had to consider whether the evidence was relevant to an issue other than character and whether the prejudicial effect of the evidence outweighed its probative value. *See United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). We may reverse the decision to admit the list and the bomb threat testimony only if the trial court clearly abused its discretion. *See United States v. Vincent,* 648 F.2d 1046, 1051 (5th Cir. Unit A 1981); *Wright v. Hartford Accident & Indem. Co.,* 580 F.2d 809, 810 (5th Cir.1978); *see also United States v. Johnson,* 558 F.2d 744 (5th Cir.1977), *cert. denied,* 434 U.S. 1065, 98 S.Ct. 1241, 55 L.Ed.2d 766 (1978).

Respecting the list, the trial court explained that the list was being admitted as evidence of motive, intent, and plan. The trial court further observed that, in its judgment, the evidence did not show any overt bad act by Fortenberry. Turning to the bomb threat testimony, the trial court observed that the testimony (1) could also be considered evidence of plan, motive, and intent; (2) was circumstantial evidence of Fortenberry's knowledge of bombs; and (3) was circumstantial evidence of Fortenberry's possession of explosives as charged in Count II. Overall, the transcript of Fortenberry's motion in limine hearing indicates that the trial court carefully considered the relevance, probativeness, and prejudicial effect of the list and of the bomb threat testimony before deciding to admit them. While our original opinion doubts the relevance of this evidence and questions its probative value, here we review only for an abuse of discretion; and the abuse of discretion standard does not permit us to substitute our judgment for that of the trial court. In short, we cannot say that the trial court clearly abused its discretion by admitting either the list or the bomb threat testimony.

Furthermore, and as we noted in our original opinion, the admission of the list and the bomb threat testimony did not affect Fortenberry's substantial rights. This evidence comprised only a very small part of the Government's case against Fortenberry. The prosecutor used the list only for the permissible purpose of showing the plan, motive, and intent of Fortenberry to place the bomb on his ex-father-in-law's car and neither emphasized nor improperly referred to the list or to the bomb threat testimony in his arguments to the jury.

■ Fortenberry also contends that we made an error of law by concluding that the prosecutor's impeachment of Ms. Coker did not constitute reversible error. First, the admissibility of the impeachment testimony was not before us because Fortenberry's counsel did not (in any way) timely object to the prosecutor's questions. Second, the questions concerning Ms. Coker's Sunday school teaching and the frequency with which she had overnight male guests were relevant to her relationship with Ms. Warren. Ms. Warren and Ms. Coker attended the same church and were roommates. Ms. Warren's relationship with Ms. Coker and Fortenberry were affected by whether Ms. Coker had overnight male guests. Contrary to Fortenberry's contention in his petition for rehearing, we did not hold that a prosecutor may properly impeach a female witness by asking if she had been asked to stop teaching Sunday school and if she had overnight male guests. Rather we held that, under the facts of this case, the prosecutors questioning of Ms. Coker did not constitute plain error. In light of our conclusions here, our original finding of no reversible evidentiary error stands.

### Sufficiency of the Evidence on Rehearing

Second, Fortenberry complains that we departed from the law of the Circuit by holding the evidence sufficient to support Fortenberry's conviction for delivery of a firearm to a carrier without notice. For-

tenberry quotes *Clark v. Procunier,* 755 F.2d 394 (5th Cir.1985): Where the "evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged [the conviction must be reversed]." *Id.* at 396. As we attempted to make clear in our original opinion, viewing the evidence in the light most favorable to the prosecution completely rules out any possibility of Fortenberry's innocence; therefore, *Clark* does not apply. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) controls; and the evidence was, as we have explained, sufficient to support Fortenberry's conviction.

### Severance on Rehearing

■ Third, Fortenberry contends that we again erroneously applied Circuit law. Specifically, he suggests that *United States v. Leach,* 613 F.2d 1295 (5th Cir. 1980) directs us to look to both the indictment and the evidence adduced at trial to determine whether joinder was proper under Federal Rule of Criminal Procedure 8(a). Fortenberry's faith in *Leach* is ill founded. *Leach* dealt with joinder of *defendants* under rule 8(b); Fortenberry complains of joinder of *claims* under rule 8(a). In our original opinion, we relied on *United States v. Park,* 531 F.2d 754 (5th Cir.1976). *Park* involved the joinder of drug and weapons charges against a single defendant. The only link between the weapons charge and the drug charge was the discovery of the weapon during the drug investigation. In *Park,* we held that the transaction requirement of rule 8(a) was flexible enough to encompass both the drug and weapons charges. *See id.* at 760–61. Likewise, Fortenberry's pistol was discovered during an arson and weapons investigation; and we conclude that the transaction requirement of rule 8(a) is flexible enough to encompass the arson, weapons possession, and weapons transportation charges filed against Fortenberry.

■ We also note, on our own initiative, that rule 8(a) allows joinder of offenses that are "of the same or similar character."

Count III, transportation of an undeclared firearm on a commercial airliner, is a weapons violation. Count II, possession of an unregistered firearm, is also a weapons violation. We conclude that the joinder of Count III was proper under rule 8(a) on the basis of either the transaction requirement or the "same or similar character" requirement.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.