IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50546
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENYON LAMONTE WILLIAMS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-55-1

---

March 7, 2003

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

In his instant appeal, Kenyon Lamonte Williams challenges only the sufficiency of the evidence to support his conviction for being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because he did not move for a judgment of acquittal below, review "is limited to determining

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether there was a manifest miscarriage of justice," which is found only where "'the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense [that is] so tenuous that a conviction would be shocking.'" *United States v. McIntosh,* 280 F.3d 479, 483 (5th Cir. 2002) (citation omitted).

Williams argues only that there has been a manifest miscarriage of justice because there was no evidence to show that he knowingly possessed the gun that was recovered from his duffel bag. He points to the fact that his fingerprints were not found on the gun, that he did not own the car in which the gun was found, and that others had access to the bag containing the gun.

Contrary to Williams's assertion, the record contains sufficient evidence from which the jury could conclude that he constructively possessed the gun. Williams's ex-wife testified that the night before Williams's arrest, she had found the gun wrapped in Williams's clothes, and concealed in a bag that he had packed and over which he had exercised control, giving the bag to his sister to put in her car. Williams's sister and mother similarly testified that Williams exercised control over the bag containing the gun. Both testified that after his arrest, Williams called them each from jail and asked them to lie on his behalf in an attempt to invalidate the search that had uncovered the gun. Such testimony constituted additional circumstantial evidence that Williams knowingly possessed the gun. *Cf. United States v.*

*Fortenberry,* 919 F.2d 923, 925 (5th Cir. 1990).

Williams, however, ignores the testimony of his mother and sister in arguing that the only evidence linking him to the gun came from his ex-wife. He contends that because of her criminal history and because collateral portions of her testimony might be construed as contradictory to the testimony of Officer Carlile, another prosecution witness, she was not a credible witness and that her testimony was thus insufficient to prove possession. "The jury is solely responsible for determining the weight and credibility of the evidence." *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). The jury was free to credit the testimony of Williams's ex-wife, and this court will not disturb the jury's credibility determinations. *United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000). Williams's argument regarding his ex-wife's credibility is thus unavailing.

Rather than being devoid of evidence pointing to guilt, the record clearly contains sufficient evidence that Williams knowingly possessed the gun that was recovered from his bag. Williams, therefore, has not demonstrated that his conviction on the evidence presented was a manifest miscarriage of justice, and his conviction is therefore

AFFIRMED.