**1071-15**

NO. PD-1071-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

---

DANIEL GONZALES RODRIGUES

Petitioner

v.

THE STATE OF TEXAS

---

Petition in Cause No. 1380317, from the
351st District Court of Harris County, Texas
and the Court of Appeals for the First
District of Texas, Case No. 01-13-00778-CR.

---

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

Daniel Gonzalez Rodriguez # 1869538

C.T. Terrell Unit

1300 FM 655

Rosharon, TX 77583

Petitioner Pro Se

I.

TABLE OF CONTENTS

|  | Page |
|---|---|
| Index of Authorities | III |
| Statement Regarding Oral Argument | 1 |
| Statement of the Case | 1-2 |
| Statement of Procedural History | 2 |
| Grounds For Review | 2 |

NO. 1 - WHETHER THE COURT OF APPEALS ERRED IN HOLDING
THAT THE EVIDENCE WAS SUFFICIENT TO SUSTAIN
PETITIONER'S CONVICTION FOR KIDNAPPING WHEN
IT DEFERED TO THE TRIAL COURT'S RESOLUTION
THAT THE FACTFINDER RESOLVED ANY CONFLICTS
IN EVIDENCE IN FAVOR OF THE VERDICT BECAUSE
THE RESOLUTION WAS NOT RATIONAL UNDER JACKSON
V. VIRGINIA, 443 U.S. AT 326, 99 S.CT. AT 2793.

NO. 2 - WHETHER THE COURT OF APPEALS ERRED WHEN IT
CONCLUDED THAT THE TRIAL COURT DID NOT ABUSE
ITS DISCRETION BY REFUSING PETITIONER'S REQUEST
FOR AN UNLAWFULL RESTRAINT INSTRUCTION.

| Argument |  |
|---|---|
| No. 1 - Supporting Authorities | 3 |
| Argument | 4-6 |
| No. 2 - Supporting Authorities | 7 |
| Argument | 7 |
| Prayer For Relief | 8 |
| Appendix |  |

# INDEX OF AUTHORITIES

Caselaw                                                                   Page

Alamanza v. State, 686 S.W.2d 157 (Tex.Crim.App.1985)                       7

Clark v. Procunier, 755 F.2d 394 (5th Cir.1985)                             4

Cordova v. State, 698 S.W.2d 107 (Tex.Crim.App.1985)                        6

Hooper v. State, 215 S.W.3d 9 (Tex.Crim.App.2007)                          3,6

In re Winship, 397 U.S. 358 (1970)                                         4,6

Jackson v. Virginia, 443 U.S. 307 (1979)                                 2,3,4

Williams v. State, 235 S.W.3d 742 (Tex.Crim.App.2007)                       4

Wilson v. State, 654 S.W.2d 465 (Tex.Crim.App.1983)                         4

Wooten v. State, 400 S.W.3d 601 (Tex.Crim.App.2013)                         7


Constitutions and Statutes

14th Amendment U.S. Constitution                                            3

Texas Penal Code, §§ 20.01 & 20.02                                         5

Texas Penal Code, §20.03                                                  1,5

NO. PD-1071-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

DANIEL GONZALEZ RODRIGUEZ

Petitioner

V.

THE STATE OF TEXAS

Petition in Cause No. 1380317 From the
351st District Court of Harris County, Texas

and the Court of Appeals for the First
District of Texas, Case No. 01-13-00778.

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE
COURT OF CRIMINAL APPEALS:

Daniel G. Rodriguez, petitions the Court to review the judgement affirming his conviction for kidnapping. (Tex. Pen. Code §20.03, West 2011).

STATEMENT REGARDING ORAL ARGUMENT

Present circumstances considered, oral argument is waived.

STATEMENT OF THE CASE

Petitioner was indicted for kidnapping. The indictment contained two prior felony convictions for driving for intoxicated for purpose of the enhancement of the punishment. (1 CR 21). After a finding of indigency, the trial court appointed counsel.

After trial by jury, Petitioner was found guilty as charged

1.

on July 10, 2013. (1 CR 21). The jury sentenced Petitioner to 30-years confinement in the Texas Department of Criminal Justice - Institutional Division. (1 CR 51).

After Petitioner filed a timely notice of appeal, (1 CR 55), the trial certified Petitioner's right of appeal on July 10, 2013. (1 CR 58). On Aug. 19, 2013, the trial court found Petitioner remained indigent and appointed counsel to represent him on direct appeal. (1 CR 61).

## STATEMENT OF PROCEDURAL HISTORY

On July 18, 2015, the Court of Appeals for the First Judicial District of Texas, affirmed the judgement of the trial court in Case No. 01-13-00778-CR.

Petitioner filed a timely motion for extension of time to file Petition for Discretionary Review, and a motion to suspend rule 9.3(b) of the Texas Rules of Appellate Procedure. The Court granted both motion on 08-19-2015, in Case No. PD-1071-15. Petition for review is now due on Oct. 26, 2015.

## GROUNDS FOR REVIEW

NO. 1 - THE COURT OF APPEALS ERRED IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT TO SUSTAIN PETITIONER'S CONVICTION FOR KIDNAPPING WHEN IT DEFERED TO THE TRIAL COURT'S RESOLUTION THAT THE FACTFINDER RESOLVED ANY CONFLICT'S IN EVIDENCE IN FAVOR OF THE VERDICT, BECAUSE THE RESOLUTION WAS NOT RATIONAL UNDER JACKSON V. VIRGINIA, 443 U.S. AT 326, 99 S.CT. AT 2793.

NO. 2 - THE COURT OF APPEALS ERRED WHEN IT CONCLUDED THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY REFUSING PETITIONER'S REQUEST FOR AN UNLAWFULL RESTRAINT JURY INSTRUCTION.

ARGUMENT

NO. 1-WHETHER THE COURT OF APPEALS ERRED IN HOLDING THAT
THE EVIDENCE WAS SUFFICIENT TO SUSTAIN PETITIONER'S
CONVICTION FOR KIDNAPPING, WHEN IT DEFERED TO THE
TRIAL COURT'S RESOLUTION THAT THE FACTFINDER RESOLVED
ANY CONFLICTS IN EVIDENCE IN FAVOR OF THE VERDICT
BECAUSE THE RESOLUTION WAS NOT RATIONAL UNDER JACKSON
V. VIRGINIA, 443 U.S. AT 326, 99 S.CT. AT 2793.

Supporting Authorities

The Due Process Clause of the 14th Amendment requires that every State criminal conviction be supported by evidence that a rational trier of fact could accept as sufficient to prove all of the elements of the charged offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 316 (1979). The Due Process guarantee is safeguarded when an appellate court reviews the legal sufficiency of the evidence.

For the purpose of a Jackson v. Virginia analysis, jurors are permitted to draw inferences from the evidence as long as those inferences are reasonable and supported by the evidence. Hooper v. State, 214 S.W.3d 9, 15-16 (Tex.Crim.App.2007). Legal sufficiency analysis does not permit verdicts based on "mere speculation or factually unsupported inferences or presumptions." Id at 16-17. For this purpose, an inference is "a conclusion reached by considering other facts and deducting a logical consequence from them." Id at 16. Speculation is "mere theorizing or guessing about the possible meaning of facts and evidence presented." A conclusion based on speculation may appear reasonable; however, it will not support a finding of guilt under Jackson v. Virginia, if it is not sufficiently supported by record facts, or evidence beyond

3.

a reasonable doubt. Id.

If there is an inference tha appellant is not guilty, a finding of guilt is not a rational finding. Wilson v. State, 654 S.W.2d 465 (Tex.Crim.App.1983). If the evidence equally supports both theories of a case, the evidence is insufficient, and the reviewing court must entertain a reasonable doubt. Clark v. Procunier, 755 F.2d 394, 396 (5th Cri.1985). It is the appellate court's duty to ensure that the evidence presented actually supports the conclusion that the defendant committed the charged offense. Williams v. State, 235 S.W.3d 742, 750 (Tex.Crim.App.2007).

In Wilson v. State, 654 S.W.2d 465 (Tex.Crim.App.1983), the court acknowledged that although Jackson v. Virginia, 443 U.S. 307, set the standard for review of State convictions by federal courts, the Due Process requirements that it announced were based expressly on the 14th Amendment. They are binding on the States and constitute a minimum standard for sustaining a conviction. "Under In re Winship, 397 U.S. 358, 90 S.Ct. 1088 (1970), which established proof beyond reasonable doubt as an essential of the 14th Amendment Due Process, it follows that when such a conviction [that was obtained even when no rational trier of fact could have found guilt beyond a reasonable doubt], occurs in State court, it cannot constitutionally stand. Jackson v. Virginia, 443 U.S. 317-318.

Argument Supported By Record Facts

Petitioner asks whether the Court of Appeals has decided an important question of State or Federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

4.

Petitioner would argue that the Court of Appeals failed in its duty to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. Here, there is legally insufficient evidence that Petitioner intentionally and knowlingly abducted (kidnapped) another person. Texas Penal Code §20.03. Abduct means to restrain a person with intent to prevent his liberation by: **(A) secreting of holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force.** Texas Penal Code §20.01(2). Restrain means to restrict a person's movements without consent.... Texas Penal Code §20.01(1).

In this instance, the Court of Appeals improperly found evidence of intent to prevent liberation by secreting Jane by Concluding that Petitioner: **"intended to do so by either secretion or the use or threatended use of deadly force".** The statute requires an intent to prevent liberation – not an intent to secrete or an intent to use or threatening to use deadly force. Petitioner contends the Court's Opinion is based on speculation and not the record facts. Here, the record facts support insufficient evidence to support a charge under Penal Code §20.03:

1. The alleged abduction occurred inside a flea market in the morning of May 07, 2011. (4 RR 11);

2. There were few customers at the market because of the early morning hour. (5 RR 25, 34, 64, 68);

3. Petitioner had been helping his friend (Jesus Gonzalez) unload wares at the market **since Sept. 2010 (over -years).** (5 RR 109);

4. After unloading wares, Petitioner would remain at market and shop. Petitioner would allways park his pick-up in same place. (5 RR 112);

5.

5. Testimony of victim reflected that Petitioner made no effort to hide his identity from her when they met earlier that morning at the Market's sign in booth. (5 RR 77-78);

6. Petitioner never left the interior grounds of flea market, signed in at flea market, and did not take child to his vehicle or utilize exits. (5 RR 17);

7. There is no evidence in the trial record that reflects Petitioner was using his truck in the commission of this offense or that he was attempting a getaway. ( CR & RR).

In reviewing the sufficiency of the evidence, the reviewing court should look at "events occuring before, during and after the commission of the offense and may rely on action of the defendant which show an understanding and common design to do the prohibited act. Hooper v. State, 9, 15-16 (Tex.Crim.App.2007)-(citing Cordova v. State, 698 S.W.2d 107, 111 (Tex.Crim.App.1985).

The statute under which Petitioner was convicted required the State to prove that Petitioner restrained a person with intent to prevent his liberation by secretion or threat of deadly force. Here, the reviewing court merely required the State to show that Petitioner "intended" to secrete or use deadly force." ( see Opinion,at page 5).

Aside from the evidence showing Petitioner was holding the child's hand and walking around inside the flea market with the child, without the child's mother's permission. The child was in an open publid space and unharmed during the period of time she was missing. The thesis of the Court of Appeals releived the State of its burden of proving beyond a reasonable doubt of every fact necessary to sonstitute the crime with which Petitioner was charged. see In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1073..

6.

NO. 2- WHETHER THE COURT OF APPEALS ERRED WHEN IT CON-
CLUDED THAT THE TRIAL COURT DID NOT ABUSE ITS
DISCRETION BY REFUSING PETITIONER'S REQUEST FOR
AN UNLAWFULL RESTRAINT INSTRUCTION.

Petitioner incorporates the argument and authorities from Ground No. 1, into the Ground.

Supporting Authorities

In Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985), the court determined, when trial counsel timely requests a charge on a lesser-included offense and the trial court fails to give the requested charge, reversal is required if the error results in some harm to the accused.

A harm analysis requires the appellate court to consider (1) the jury charge as a whole, (2) the argument of counsel, (3) the entirety of the evidence, and (4) such other relevant factors as may be present in the record. Wooten v. State, 400 S.W.3d 601, 606 (Tex.Crim.App.2013).

Argument Supported By Record Facts

In this instance, the Court of Appeals failed to consider the entirety of the evidence and other relevant factors present in the record as previously asserted in point of error number #1.

[Petitioner respectfully incorporates those same record
facts as presented in Ground #1, in support of Ground #2].

Here, the reviewing courts evaluation of the record appears to have misconstrued and misapplied the standard for factual suf-ficiency of the evidende review, while overlooking some the the evidence and some of the harm. In sum, the reviewing court applied a harsher standard of review than precedent required.

7.

## Prayer

Petitioner prays the court holds that the State did not prove that Petitioner "secreted or used deadly force," and cannot, on the record, be infered; and that the Court of Appeals did commit error when it failed to find that the trial court abused its discretion by refusing Petitioner's request for an unlawfull restraint jury instruction.

Respectfully submitted,

*Daniel Rodriguez*

Daniel G. Rodriguez #1869583
C.T. Terrell Unit
1300 FM 655
Rosharon, TX  77583

## Certificate of Service

This is to certify that a copy of the above-entitled and numbered petition for review has been served on State's Prosecuting Attorney, P. O. Box 13046, Capitol Station, Texas  78711, via first-class U.S. Mail, on this the _21st_ day of Oct., 2015.

*Daniel Rodriguez*

8.



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00778-CR

---

### DANIEL GONZALEZ RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case No. 1380317

---

## MEMORANDUM OPINION

Daniel Rodriguez appeals his conviction for kidnapping.[1] In two issues, he contends that (1) there is insufficient evidence of intent to abduct to support the jury's guilty verdict and (2) the trial court abused its discretion by denying his

---

[1] TEX. PENAL CODE ANN. § 20.03 (West 2011).

request for a jury instruction on the lesser-included offense of unlawful restraint.[2] We affirm.

## Background

Early one morning, seven-year-old Jane[3] was playing on coin-operated "horses" with a friend at the flea market where her mother was a vendor. Jane's mother testified that she was keeping an eye on the children but looked away "for just a minute" while setting up her display. According to Jane, Rodriguez approached the young girls and offered them quarters to activate the horses. He then asked Jane if she wanted to go to his house. Jane declined both offers.

Suddenly, Rodriguez grabbed Jane's wrist. Jane testified that this "hurt" and that she was unable to escape Rodriguez's grasp. Rodriguez forced Jane toward an out-of-sight exit.

Jane's mother looked back and did not see Jane. Jane's friend said that she had left with her father. Because Jane's father was not at the flea market, Jane's mother became alarmed and contacted security.

Security personnel found Rodriguez and Jane before they reached the exit. According to Jane, Rodriguez claimed that she was his daughter. Another witness testified that Rodriguez said that Jane's mother gave him permission to take Jane. These ruses did not work, and Jane was returned to her mother.

---

[2]  TEX. PENAL CODE ANN. § 20.02 (West 2011).
[3]  We refer to the complainant by this pseudonym to protect her identity.

2

Rodriguez was convicted of kidnapping. He timely appealed.

## Sufficiency of the Evidence

In his first issue, Rodriguez contends that the evidence is insufficient to support the jury's guilty verdict.

### A. Standard of review

We review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all of the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. We presume that the factfinder resolved any conflicts in the

evidence in favor of the verdict and defer to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89. If an appellate court finds the evidence to be insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2217 (1982).

## B.    Definition of kidnapping

"A person commits [kidnapping] if he intentionally or knowingly *abducts* another person." TEX. PENAL CODE ANN. § 20.03 (West 2011) (emphasis added). "'Abduct' means to *restrain* a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." TEX. PENAL CODE ANN. § 20.01(2) (West 2011) (emphasis added). "'Restrain' means to restrict a person's movements without consent . . . ." TEX. PENAL CODE ANN. § 20.01(1). Thus, "[a] kidnapping becomes a completed offense when a restraint is accomplished, and there is evidence that the actor intended to prevent liberation and that he intended to do so

4

by either secretion or the use or threatened use of deadly force." *Mason v. State,* 905 S.W.2d 570, 575 (Tex. Crim. App. 1995).

## C.     Evidence of intent to prevent liberation by secreting Jane

Rodriguez concedes that the evidence is sufficient to conclude that he restrained Jane, but he contends that the evidence is insufficient to conclude that he intended to prevent her liberation and that he intended to do so by secretion or deadly force. We disagree. Jane testified that Rodriguez asked her to go to his house before grabbing her wrist and dragging her toward an exit. An eyewitness saw Rodriguez "walking . . . with a purpose. . . . He was walking towards the exit like he needed to go." When confronted by security, Rodriguez lied that he was Jane's father. Rodriguez told Jane that she could watch television once she was in his house. From this evidence, a reasonable jury could conclude that Rodriguez intended to prevent Jane's liberation and that he intended to do so by secreting her away to a location where she was unlikely to be found. *See Laster v. State,* 275 S.W.3d 512, 522-23 (Tex. Crim. App. 2009) (evidence that defendant grabbed child complainant and attempted to drag her into his car was sufficient to show intent to secret away).

Rodriguez argues that Jane's testimony should be given no weight because (1) he did not use exits closer to Jane's location, (2) he chose an exit far away from his truck, (3) Jane was unattended, (4) an eyewitness testified that Jane was calm

5

when found and reluctant to leave Rodriguez, and (5) Jane reported no wrist pain to her doctor several days later. How these factors impact the weight of Jane's testimony is for the jury to decide. Following *Jackson*, we presume that the jury resolved the weight of evidence in favor of the verdict, and defer to that finding. *See Jackson*, 443 U.S. at 326; 99 S. Ct. at 2793.

Accordingly, we overrule Rodriguez's first issue.

## Lesser-Included Offense

In his second issue, Rodriguez contends that the trial court erred by denying his request for a jury instruction on the lesser-included offense of unlawful restraint.

### A.     Standard of review

"In determining if the jury should be charged on a lesser offense, this Court applies a two-step analysis." *Segundo v. State*, 270 S.W.3d 79, 90 (Tex. Crim. App. 2008). "First, we decide if the offense is a lesser-included offense of the charged offense . . . ." *Id.* This "is a question of law," and the standard of review is de novo. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

"The second prong of the test then requires an evaluation to determine whether some evidence exists that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense." *McKinney v. State*, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006). "We review the trial court's decision

regarding including a lesser-included offense in the jury charge for abuse of discretion." *Brock v. State*, 295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). "In making this determination, this Court should review all of the evidence presented at trial." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). "Anything more than a scintilla of evidence" that the defendant is guilty of the lesser-included offense but not guilty of the charged offense "is sufficient to entitle a defendant to a lesser charge." *Id.*; *see Segundo*, 270 S.W.3d at 90–91.

## B. An ineffective getaway is not evidence of restraint without abduction

Rodriguez argues that the jury should have been allowed the option of convicting him of unlawful restraint. A person commits the offense of unlawful restraint "if he intentionally or knowingly restrains another person." TEX. PENAL CODE ANN. § 20.02(a) (West 2011). Unlawful restraint is a lesser-included offense of kidnapping. *See Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996).

To be entitled to an instruction on a lesser-included offense, it is not enough that the jury could have disbelieved some portion of the evidence; rather "there must be some evidence directly germane to an unlawful restraint offense for such an instruction to be warranted." *Anderson v. State*, 125 S.W.3d 729, 731 (Tex. App.—Texarkana 2003, no pet.). Thus, "[t]he next step of the analysis is to determine whether there was evidence that if guilty, appellant was guilty only of restraining the complainant, without intending to prevent her liberation

7

by . . . secreting or holding her in a place where she was not likely to be found . . . ." *Schweinle*, 915 S.W.2d at 19.

Rodriguez argues that his decision to drag Jane toward a main exit, ignoring other nearby exits that could have facilitated an easier escape, is some evidence that he restrained her but did not intend to secret her away. But this is not evidence of restraint without abduction. Although Rodriguez could have chosen a more efficient getaway route, he was nevertheless heading toward an exit with Jane. This exit was not visible from Jane's original location. Rodriguez attempted to prevent Jane's escape by lying to security. There is no evidence that Rodriguez restrained Jane without intending to prevent her liberation by removing her to a location where she was unlikely to be found.

We conclude that the trial court did not abuse its discretion by refusing Rodriguez's request for an unlawful-restraint instruction. Accordingly, we overrule his second issue.

### Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. Tex. R. App. P. 47.2(b).