# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60617
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY STOKES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-1-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jimmy Stokes pleaded guilty pursuant to a written plea agreement to corruptly obstructing, influencing, or impeding an official proceeding, in violation of 18 U.S.C. §1512(c)(2). The district court sentenced Stokes to 10 months of imprisonment and three years of supervised release. The district court also ordered Stokes to pay a $100 assessment and restitution in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreed amount of $758,682.95.  In May 2014, Stokes was ordered to make monthly restitution payments of $225.

In September 2017, the district court revoked Stokes's supervised release and sentenced him to 24 months of imprisonment and 11 months and 29 days of supervised release.  Stokes argues that the district court abused its discretion by revoking his supervised release based on his failure to comply with his restitution obligations.

We review a decision to revoke supervised release for an abuse of discretion.  *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).  Applying this standard, we will not substitute our judgment for that of the district court.  *United States v. Fortenberry*, 919 F.2d 923, 925 (5th Cir. 1990).

The Supreme Court has articulated constitutional parameters for court-ordered confinement resulting from a failure to pay fines—parameters meant to avoid imprisoning defendants "solely by reason of their indigency." *Williams v. Illinois,* 399 U.S. 235, 242 (1970); *see Bearden v. Georgia*, 461 U.S. 660, 661-62 (1983); *Tate v. Short*, 401 U.S. 395, 398 (1971).  The Supreme Court has "distinguished this substantive limitation on the imprisonment of indigents from the situation where a defendant was at fault in failing to pay the fine." *Bearden*, 461 U.S. at 668.  "If the defendant is found to have willfully refused to pay . . . restitution when he had the means to do so, or to have failed to make sufficient bona fide efforts to obtain employment or borrow money with which to pay . . . restitution, revocation is proper." *United States v. Payan*, 992 F.2d 1387, 1396 (5th Cir. 1993).

There is no dispute that Stokes violated the conditions of his supervised release by failing to pay $225 per month in restitution as ordered and by failing to disclose financial information.  While Stokes made some payments toward restitution, the district court's conclusion that Stokes willfully refused to

No. 17-60617

satisfy his restitution obligations is not clearly erroneous in light of the record as a whole. The district court's decision to revoke Stokes's term of supervised release and impose a term of imprisonment upon revocation was made only after several hearings, over a period of several years, during which the district court thoroughly examined Stokes and other witnesses and reviewed documents from both parties regarding Stokes's financial obligations and assets. It was not clearly erroneous for the district court to have concluded, based on the evidence presented, that Stokes engaged in conduct indicating that he had failed to make a bona fide effort to satisfy his restitution obligations. Thus, the district court was not required to consider alternative means of punishment. *Payan*, 992 F.2d at 1396.

The district court's judgment is AFFIRMED.