# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20260
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO BAHENA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-574-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Sergio Bahena pleaded guilty to conspiring to make, utter, and possess a counterfeit security in violation of 18 U.S.C. §§ 371 and 513(a). The district court sentenced Bahena to 15 months of imprisonment and three years of supervised release. The district court also ordered Bahena to pay restitution in the amount of $62,444.93. Bahena was ordered to make monthly restitution payments of $100 beginning in May 2016.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20260

In April 2019, the district court revoked Bahena's supervised release and sentenced him to 12 months of imprisonment and an additional 12 months of supervised release. Bahena argues that the district court abused its discretion by revoking his supervised release based on his failure to comply with his restitution obligations.

We review a decision to revoke supervised release for an abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). Applying this standard, we will not substitute our judgment for that of the district court. *United States v. Fortenberry*, 919 F.2d 923, 925 (5th Cir. 1990).

The Supreme Court has articulated constitutional parameters for court-ordered confinement resulting from a failure to pay fines and restitution—parameters meant to avoid imprisoning defendants "solely by reason of their indigency." *Williams v. Illinois*, 399 U.S. 235, 242 (1970); *see Bearden v. Georgia*, 461 U.S. 660, 661-62 (1983); *Tate v. Short*, 401 U.S. 395, 398 (1971). The Supreme Court has "distinguished this substantive limitation on the imprisonment of indigents from the situation where a defendant was at fault in failing to pay the fine." *Bearden*, 461 U.S. at 668. "If the defendant is found to have willfully refused to pay . . . restitution when he had the means to do so, or to have failed to make sufficient bona fide efforts to obtain employment or borrow money with which to pay . . . restitution, the government is justified in using imprisonment as a sanction to enforce collection." *United States v. Payan*, 992 F.2d 1387, 1396 (5th Cir. 1993).

There is no dispute that Bahena violated the conditions of his supervised release by failing to pay $100 per month in restitution as ordered. While Bahena made some payments toward restitution and maintained that the missed payments were caused by a lack of funds, the record shows that he was able to obtain a significantly larger amount of cash in order to make bond in a

state criminal proceeding.  The district court was aware of the requirement that the failure to pay be willful, and its implicit conclusion that Bahena willfully refused to satisfy his restitution obligations is not clearly erroneous in light of the record as a whole.  Thus, the decision to revoke Bahena's supervision was not an abuse of discretion.  *See id.*

The district court's judgment is AFFIRMED.